## S. H. AND T. J. MYERS *v.* THE STATE.

1. EVIDENCE. — The common-law rules of evidence in criminal cases have been changed by the Code of this state so far only as they conflict with its provisions.

2. SAME — ACCOMPLICES. — At common law, accomplices, before conviction and sentence, were competent witnesses, either for or against each other, and this rule has not been so changed by the Code of this state as to disqualify such witnesses from testifying in behalf of the state. Article 230 of the Penal Code (Pasc. Dig., art. 1826) has so far changed the rule as to disqualify an indicted accomplice, previous to his own trial and acquittal, from testifying in behalf of others charged with the same crime.

3. SAME. — Articles 588 and 589 of the Code of Criminal Procedure (Pasc. Dig., arts. 3053, 3054), which recognize as a competent witness a co-defendant after the indictment against him has been dismissed, or in whose favor a verdict has been directed and returned, do not conflict with the rules of the common law, and, therefore, cannot be construed to disqualify an unconvicted accomplice from testifying in behalf of the state against his confederates in the crime.

APPEAL from the District Court of Johnson. *Habeas corpus* for bail. Determined below by the Hon. D. M. PRENDERGAST.

So far as the rulings are concerned, the opinion of this court sufficiently discloses the facts.

The two appellants and James M. Bowden were separately indicted for the murder of Mrs. Mary A. Hester, who, sitting at her supper-table, on the evening of February 21, 1877, was shot, through the window, and instantly killed, in the presence of her husband, J. A. Hester, and other members of the household. The assassin was not identified by any of the parties then present. A coroner's inquest imputed the deed to Bowden, but subsequently indictments were presented against the appellants as well as him.

Mrs. Hester, the deceased, had been the widow of Samuel H. Myers, Sr., deceased, the father, by a previous wife, of the appellants and of Bowden's wife. Bowden was the witness whose competency for the state is involved in the rulings. Although not at the immediate scene of the assassination, this witness, if his testimony was true, fastened the deed beyond all doubt upon Samuel H. Myers, and made himself an accessory before the fact. His disclosures were induced, according to himself, by the failure of the appellants to furnish him bail, as they had promised, when the coroner's inquest charged him with the crime.

The disposition of the property left by the father of the appellants had, it appears, occasioned violent ill-will against Mrs. Hester on their part, and several witnesses testified to threats against her life by Samuel H. Myers.

The testimony was very voluminous, and no attempt is here made at more than an outline of the most prominent features of the case.

*John J. Good*, for the appellants.

*Thomas W. Dodd* and *Brown, Hall & Ramsey*, for the State.

ECTOR, P. J.   This case comes before us on appeal from a judgment of the District Court of Johnson county, on trial of a writ of *habeas corpus* sued out by appellants.

From a careful examination of the evidence in the record, and of the authorities cited by counsel in their able arguments and briefs, we believe the lower court did not err in refusing Samuel H. Myers, one of the appellants, bail. We think that Thomas J. Myers, the other appellant, is entitled to bail upon sufficient sureties.

We are not in the habit, in cases of this kind, of discussing the facts for the purpose " of vindicating the correctness of the conclusion reached by the court in granting or refusing bail," for fear that it might have an improper influence on the minds of the jury that finally tries the case ; and we do not propose to do so in this instance.

There is, however, a question raised as to the admissibility of evidence which we feel called upon to notice. This question is fairly presented by bill of exceptions taken by appellants, and is as follows : " The county attorney offered in evidence the testimony of James M. Bowden (the witness being willing to testify after being fully advised and cautioned as to the consequences to himself), and admitted that the said Bowden was confined in the county jail of Johnson county on the charge of the murder of Mrs. Mary A. Hester, the same being the identical offense with which defendants are charged, and that said Bowden now stands indicted for said offense.   To the introduction of this witness the defendants excepted, on the ground that no dismissal of the case against said Bowden had been entered ; that while under indictment he was incompetent to testify in said cause ; and, the objection being overruled, said testimony was received.   To which the defendants except and ask that this be certified as their bill of exceptions, which is accordingly done.   (Signed) D. M. Prendergast, Judge."

The objections to the testimony of the witness, James M.

Bowden, were not well taken.   There is nothing in the record to show that the witness, Bowden, was jointly indicted with appellants for the murder of Mrs. Mary A. Hester.

At common law, accomplices in crime were competent witnesses for and against each other.   Says Mr. Greenleaf, in giving the common-law rule of evidence: " It is a settled rule of evidence that a *particeps criminis,* notwithstanding the turpitude of his conduct, is not on that account an incompetent witness so long as he remains not convicted and sentenced for an infamous crime.   The admission of accomplices as witnesses for the government is justified by the necessity of the case, it being often impossible to bring the principal offenders to justice without them. The usual course is to leave out of the indictment those who are to be called as witnesses ; but it makes no difference as to the admissibility of an accomplice whether he be indicted or not, if he has not been put on his trial at the same time with his companion in crime." 1 Greenl. on Ev., sec. 379 ; 1 Kelly (Ga.), 610 ; Roscoe's Cr. Ev. 120 ; Hawk. P. C., book 2, ch. 46, sec. 49 ; *Tilley* v. *The State,* 21 Texas, 201.

But it is insisted that, since the adoption of our Criminal Code, the rules of the common law in regard to this admissibility of accomplices to testify has been changed.   The Code changes the common-law rules of evidence only in so far as they conflict with its provisions.

We have been cited to articles 3053, 3054, and 3103 of the Code of Criminal Procedure, and to article 1826 of the Penal Code (Pasc. Dig.), by counsel in the argument of this case.

Article 1826, Penal Code, reads : " Persons charged as principals, accomplices, or accessaries, whether in the same indictment or by different indictments, cannot be introduced as witnesses for one another ; but they may claim a sever-

ance, and, if any one or more be acquitted, they may testify in behalf of the others." In so far, then, as this article disallows as witnesses for one another persons charged as principals, accomplices, or accessaries, whether in the same or by different indictments, it does change the common-law rule of evidence.

"Art. 3053. The district attorney may at any time dismiss a prosecution as to one or more defendants jointly indicted with the others; and the person so indicted may be introduced as a witness by either party.

"Art. 3054. When it is apparent that there is no evidence against a defendant in any case where he is jointly prosecuted with others, the jury may be directed to find a verdict as to such defendant; and, if they acquit him, he may be introduced as a witness in the case.

"Art. 3103. The rules of evidence known to the common law of England, both in civil and criminal cases, shall govern in the trial of criminal cases in this state, except where they are in conflict with the provisions of this Code, or of some statute of this state."

Articles 3053 and 3054 of the Code of Criminal Procedure, and the concluding sentence of article 1826 of the Penal Code, are but declaratory of the common law, and cannot be held to operate a repeal by implication, and cannot effect a change in the common-law rules of evidence. They do not conflict with the rules of the common law. It is only the preceding portion of article 1826, as before stated, which disallows the introduction, as witnesses for one another, of "persons charged as principals, accomplices, or accessaries, whether in the same or different indictments," that does change the common-law rule of evidence. See *Tilley* v. *The State*, 21 Texas, 201.

The judgment of the lower court in refusing bail to Samuel H. Myers, one of the appellants, is affirmed; and

for error in refusing to admit Thomas J. Myers, the other appellant, to bail, is reversed as to him. And it is ordered that the said Thomas J. Myers be admitted to bail in the sum of $5,000.

*Ordered accordingly.*